## Dankel *versus* Hunter and Wife.

1. Hunter and wife contracted in writing to sell to Dankel the real estate of the wife; the separate acknowledgment of the wife being taken. *Held*, that a court of equity had jurisdiction to entertain a bill by the vendee, for specific performance.

2. A married woman has capacity to contract for the sale of her real estate, and to convey it in the precise statutory method conferring the power.

March 17th 1869. Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ. SHARSWOOD, J., at Nisi Prius.

Appeal from the decree of the Court of Common Pleas of *Lehigh county*: In Equity: No 327, to January Term 1869.

Augustus H. Dankel, on the 17th April 1868, filed his bill against John V. R. Hunter and Sarah his wife, setting out that Sarah Hunter, the wife was on the 3d December 1867, seised in fee simple as her separate estate of certain real estate in the city of Allentown; that by an article of agreement dated December 3d 1867, John V. R. Hunter and his wife agreed to sell to Dankel the real estate of the wife; the conveyance to be made April 1st 1868; that the separate acknowledgment of the wife of the execution of the article of agreement was taken; that at the date of the execution of the article of agreement, Dankel paid to the wife $275, on account of the purchase-money; that on the 1st April 1868, the plaintiff went to the house of the defendants to pay the balance of the consideration as stipulated, and receive the deed for the property; that the defendants being absent, the plaintiff on the same day tendered the money to John D. Stiles, Esq., their counsel, and demanded the deed, which tender and demand were refused; that on the 3d April the counsel of plaintiff tendered the money to the defendants and demanded the deed; that the defendants refused the tender and refused to execute and deliver the deed; that the plaintiff was ready to comply with his part of the agreement, and praying for a decree that the defendants should execute and deliver to him a deed for the property mentioned in the agreement.

To the plaintiff's bill the defendants demurred on the ground that the plaintiff's bill showed nothing entitling him to the relief prayed for, and at the same time filed their answer.

The cause was heard in the court below, upon the demurrer, and the plaintiff's bill dismissed.

The plaintiff appealed and assigned for error the dismissal of the bill.

*Edward Harvey*, for appellant, cited Act of June 16th 1836, Purdon 401, pl. 3; Act of February 14th 1857, Purdon 402, pl. 11; Dalzell *v.* Crawford, 1 Par. Eq. C. 37; Adderly *v.* Dixon, 1 Somers & Stewart (1 Eng. Ch. Rep. 607), Brightly's Equity,

[Dankel v. Hunter.]

188; Henderson v. Hays, 2 Watts 152; Brightly's Eq., pl.
216; Greenlee v. Greenlee, 10 Harris 235; Corson v. Mulvany,
13 Wright 88; Miller v. Henlan, 1 P. F. Smith 268; Deitzler
v. Mishler, 1 Wright 82; Meyers v. Hill, 10 Id. 11; Aycinena
v. Peries, 6 W. & S. 244; Swain v. Fidelity Ins. Co., 4 P. F.
Smith 455; Siter, James & Co.'s Appeal, 2 Casey 178; Story
Eq. Pl., pl. 1145, 789; Stephens' Appeal, 8 W. & S. 186; Kerr
v. Day, 2 Harris 112; Robb v. Mann, 1 Jones 300; Green v.
Smith, 1 Atk. 572; Craig v. Leslie, 3 Wheat. 578; Reed v.
Lukens, 8 Wright 200; Act February 24th 1770, Purd. 311,
pl. 12; Fulweiler v. Baugher, 15 S. & R. 45; Jamison v. Jamison,
3 Whart. 471; Share v. Anderson, 7 S. & R. 63; Commissioners
of Berks County v. Ross, 3 Binn. 539; Demarest v. Wynkoop,
3 Johns. Ch. R. 144; Clark v. Seirer, 7 Watts 107; Emery v.
Wase, 8 Ves. 505; Peck v. Ward, 6 Harris 507; Shinn v. Holmes,
1 Casey 142; Act of April 11th 1856, Purd. 702, pl. 27; Rum-
felt v. Clemens, 10 Wright 455; Kirkland v. Hepselgesser, 2
Grant 84; James v. Everly, 3 Id. 150; McClure v. Douthitt, 6
Barr 414; Thorndell v. Morrison, 1 Casey 326; Pettit v. Fretz,
9 Casey 118; Glidden v. Strupler, 2 P. F. Smith 400; Milten-
berger v. Croyle, 3 Casey 170; Roseburgh v. Sterling, Id. 292.

*John D. Stiles*, for appellee, cited Keiper v. Helfricker, 6
Wright 325; Mahon v. Gormly, 12 Harris 80; Glyde v. Keister,
8 Casey 85; Bear v. Bear, 9 Id. 528; Heugh v. Jones, 8 Id.
432; Hulme v. Tenant, 1 Bro. C. C. 16; Pybus v. Smith, 1 Ves.
Jr. 189; Jackson v. Vanderheyden, 17 Johnson 167; 2 Kent's
Com., 168; Emery v. Wase, 5 Ves. 849; Glidden v. Strupler, 2
P. F. Smith 400.

The opinion of the court was delivered, March 27th 1869, by
READ, J.—This is an appeal from the decree of the Common
Pleas of Lehigh county, dismissing a bill for specific performance,
brought by the plaintiff against a married woman and her husband
on a contract for the sale of certain real estate belonging to her
in the city of Allentown. The bill was demurred to, and an an-
swer was also filed, but it was heard on the demurrer and dis-
missed.

The bill sets forth that Mrs. Hunter was seised in fee simple, as
her own separate estate, of the premises described in paragraph
No. 1, and that she and her husband, on the 3d December 1867,
entered into an article of agreement with the plaintiff, by which
they agreed to grant, bargain and sell to the plaintiff the said pre-
mises, for which he agreed to pay to the said defendants the sum
of $5500 in manner following, to wit: $275 at the execution of
the agreement, and the balance, to wit: $5250 at the execution
and delivery of the deed, to wit: on the 1st day of April, A. D.

[Dankel *v.* Hunter.]

1868, in part payment of which the said defendants agreed to accept a certain judgment against third persons for $3500, which payments shall be guarantied by Jesse M. Lone and the plaintiff. That the separate acknowledgment of Mrs. Hunter was taken to this agreement, and that on the said 3d December the said $275 was paid to the said Sarah Hunter, and that the balance of the consideration money was at the time stipulated tendered and a deed demanded, and that the defendants refused to accept the tender, and also refused to execute and deliver to the plaintiff a deed for the premises.

There being no opinion of the judge filed we are obliged to take the questions as presented by the counsel of the appellant.

1. We entertain no doubt that the court had jurisdiction.

2. If this had been a deed of conveyance executed and acknowledged by the defendants, as this article of agreement was, there can be no doubt that it would have passed the title of Sarah Hunter and her husband to the premises contained in it. The objection to the contracts of married women for the sale of the real estate has been, that they were not executed according to the provisions of the statute. In some cases they were merely verbal, in others that the husband was not a party, in others that there was no separate acknowledgment of the wife. Here all the forms and requisites of the statute were complied with, and the only objection is that it was only a contract to convey and not a conveyance of the land. In Glidden *v.* Strupler, 2 P. F. Smith 400, my Brother Agnew has put the whole question in a single sentence: "A married woman has no capacity to contract for the sale of her real estate, or to convey it, except in the precise statutory mode conferring the power." The converse of this is the law—a married woman has capacity to contract for the sale of her real estate, and to convey it in the precise statutory method conferring the power.

In Crofts *v.* Middleton, 25 L. J. Ch. 533, as stated in Fry on Specific Performance (100 Law Library), p. 72, it is said: "It is to be added that with regard to real estate, a married lady may, under the Act for the Abolition of Fines and Recoveries, not only dispose of the land, but contract respecting it, if not so as to render herself liable to damages, yet so as to bind her estate of inheritance."

As this case will go back for further proceedings, we desire to say we only decide that the court has jurisdiction, and that the statutory execution of the contract was in due form, but we decide nothing as to the validity of the contract, or of the tender and its form, nor as to any of the allegations contained in the answer which has been sent up with the demurrer.

> Decree reversed, and record remitted with directions to proceed in due order.